THAMES BUILDING & CONTRACTING CO., INC., Appellant, *v.* FRANK IACCIO, Respondent.

Supreme Court, Appellate Term, First Department, March 4, 1927.

Landlord and tenant — action for rent — dismissal of complaint error where defendant does not deny rent is due — judgment for defendant for $100 on counterclaim for work done and materials furnished in apartment reversed as against weight of evidence.

In this action to recover rent for two months' occupancy of an apartment at the agreed sum of twenty-five dollars per month, it was error to dismiss the landlord's complaint where the defendant did not deny that the rent sued for had not been paid.

Furthermore, a judgment for the tenant for $100 on a counterclaim for work done and materials furnished in the apartment, must be reversed as against the weight of the evidence, in the absence of anything to show the value of the materials furnished, the actual time consumed in doing the work, and the rate of compensation applicable thereto.

Moreover, the fact that the tenant never rendered the landlord a statement or bill for the work done and that the counterclaim is for work claimed to have been done approximately two years before the tenant vacated the premises, warrants an inference that the claim is fictitious and for that reason it should not stand.

LEVY, J., dissents, with opinion.

APPEAL by plaintiff from judgment of the Municipal Court, Borough of Manhattan, Fourth District, in favor of defendant in

the sum of $100 on his counterclaim and dismissal of the complaint after a trial before the court without a jury.

*Weschler & Kohn [Walter T. Kohn* of counsel], for the appellant.

*Weinberg & Oltarsh [Jules Gladstone* of counsel], for the respondent.

LYDON, J.   Plaintiff is the owner of the premises No. 426 First avenue, New York city.   Defendant was a monthly tenant of an apartment on the second floor.   He failed to pay the rent for the months of April and May, 1926, at the agreed sum of $25 per month, and this action is brought to recover said rent.   It is not denied by defendant that the rent sued for has not been paid, and it was, therefore, error for the trial court to have dismissed the complaint.   The court below granted the defendant a judgment of $100 on his counterclaim, which is predicated as work, labor and services and material furnished in the matter of the alteration made by the defendant to his own apartment and which he claims the plaintiff through his agent promised to pay for.   It appears that the defendant when he first inspected this apartment with an idea of renting it found that it consisted of but two rooms, and he told the agent for the plaintiff that he could not use the same in its then condition, whereupon he claims the agent told him that in view of the fact that he was a carpenter he could make the alteration and the plaintiff would pay for it.   The defendant did make the alteration, changing the two rooms into four, and by his counterclaim seeks to be reimbursed for the cost.   The only evidence offered by the defendant as to the value of the work, labor and services and materials furnished consisted of the following: " Q. Now how much do you say that that cost?   A. $150."

This evidence is wholly insufficient.   While it is true that a witness may place a value on his own services, yet a witness as to value should detail the facts upon which his inference or conclusion is based.   The defendant should have offered testimony as to the value of the materials furnished as well as the actual time consumed and the rate of compensation applicable thereto.   Aside from that defect in proof the record discloses in the testimony of the defendant that the alteration was made in the month of October, 1924, the first month that he moved into the premises; that he vacated the premises on May 19, 1926, and that he paid his rent continuously and punctually in the interim except for the last two months of occupancy, which is the rent now sued for. It further appears from the record that the defendant never rendered a statement or bill to the landlord for $150 or any other amount, nor did he render any estimate to the plaintiff for the work to be done in the matter of that alteration.   It requires no

argument to convince me that landlords do not authorize expenditures in the manner claimed by the defendant, and furthermore it is a most significant fact that the defendant never refused or failed to pay his rent until just before he moved out. He now sets up this alleged counterclaim for work claimed to have been done nearly two years before he vacated the premises. In these circumstances I cannot resist the conclusion that the alleged counterclaim is fictitious and mere afterthought. If this defendant had a valid claim against the plaintiff for work, labor and services and material furnished he would not have waited until he vacated the premises to assert his rights. The dismissal of the plaintiff's cause of action was error and the judgment entered in favor of the defendant on the counterclaim is clearly against the weight of evidence and must be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

DELEHANTY, J., concurs.

LEVY, J. (dissenting). The prevailing opinion proceeds upon the theory, apparently, of the improbability of any such contract as claimed by defendant. It points out that the dismissal of the complaint was error and attempts to justify the reversal therein suggested, on the ground that the judgment below was " clearly against the weight of evidence." I find it difficult to agree with any of these contentions. Aside from the question of the probabilities, as to which I cannot say that I am at all persuaded, the record discloses quite unequivocally that the version offered by defendant is supported almost fully by the witness Callerie and in part by the plaintiff's very witness Steigerwald who admits that defendant discussed with him the matter of the alterations. As to the claim of the insufficiency of the proofs, it may well be observed that this point was not urged below. No objection was noted to the reception of the evidence which is criticised in the opinion of the majority, and no motion to dismiss the counterclaim was presented either at the close of defendant's case or at the conclusion of the entire case. Is it open to plaintiff as appellant now for the first time upon appeal to complain? I think not. This court, as other appellate tribunals, has repeatedly held that this may not be done, and I do not consider, therefore, that it is within our province to entertain the grievance now claimed. In respect to the dismissal of the complaint, but a moment's reflection is necessary to appreciate how the trial justice arrived at the result.

While the form of the judgment may have been a trifle more intelligible, it seems to me to involve but a simple matter of mathematics. The action was for two months' rent aggregating

the sum of $50; the counterclaim for the alterations was for the sum of $150. Having determined the issue in favor of defendant upon such counterclaim in the sum of $150, the court obviously deducted the $50 concededly due plaintiff and rendered judgment for the difference, namely, $100, in favor of defendant after dismissing plaintiff's complaint. As I have observed, the judgment might well have indicated this perfectly apparent computation. But I do not feel that its absence so affects any substantial rights of plaintiff as to impair the judgment rendered. I dissent and vote to affirm.